**XIN TIAN CHEN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 07–3938–ag.

United States Court of Appeals, Second Circuit.

May 19, 2008.

John Chang, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Susan K. Houser, Senior Litigation Counsel; Gary J. Newkirk, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Xin Tian Chen, a native and citizen of the People's Republic of China, seeks review of an August 24, 2007 order of the BIA denying his motion to reopen deportation proceedings. *In re Xin Tian Chen,* No. A 73 677 910 (B.I.A. Aug. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen or reconsider, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that such motions are "disfavored." *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

██ Here, the BIA did not abuse its discretion in denying Chen's motion. The BIA accurately noted that it had dismissed Chen's appeal from the IJ's decision in

August 1998, and that Chen did not file his motion to reopen until more than eight years later, well beyond the 90 day filing deadline. *See* 8 C.F.R § 1003.2(c)(2).

■ In addition, the BIA properly determined that Chen was not eligible for an exception to the time limitation for motions to reopen because he failed to submit any evidence establishing a change in country conditions in China. *See id.* § 1003.2(c)(3)(ii). In this regard, the BIA appropriately found that neither the documents indicating that Chen is the father of two U.S. citizen children nor the testimony of John Aird was sufficient to warrant reopening. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir.2006) (deeming affidavits from John Aird and evidence that the petitioner was the father of two children insufficient to establish changed country conditions). While Chen suggests that his case should be remanded for consideration in light of certain documents addressed in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), this Court must "decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). Moreover, in *Xiao Xing Ni v. Gonzales*, we concluded that the exercise of any inherent equitable power to remand is not warranted if: "[i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen before the BIA for the taking of additional evidence." 494 F.3d 260, 269 (2d Cir.2007) (brackets in original).

■ Further, the BIA properly found that Chen failed to demonstrate changed country conditions in China material to his alleged involvement in the pro-democracy movement in this country. Chen states in his brief to this Court that a Sichuan Province appellate decision characterizing the China Democracy Party ("CDP") as a "hostile" overseas organization establishes that "conditions in China have changed for members of the China Democratic Party." However, as the Government correctly notes, there is no indication in the record that this characterization is a new classification of the CDP or that China's policy towards returning citizens who participated in pro-democracy activities abroad has changed. Thus, as the BIA observed, Chen's claim was based on changed personal circumstances, not changed country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). It is well-established that such change does not suffice to except a motion from the applicable time limitations. *See Wei Guang Wang*, 437 F.3d at 273.[1]

■ Finally, Chen asserts that the one year bar for filing an asylum application is "relaxed" for applications based on changed personal circumstances, citing 8 C.F.R. § 208.4(a)(4)(i)(B). To the extent that this assertion can be construed as an argument that he is entitled to a file a successive asylum application, we decline to review that issue because he failed to exhaust it before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121–22, 124 (2d Cir.2007) (describing issue exhaustion as "mandatory"). Accordingly,

1. Chen correctly asserts that an applicant may establish eligibility for asylum on the basis of a likelihood of persecution on account of his political activities since arriving in the United States. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 570–71 (2d Cir.2006) (remanding to allow the IJ to determine whether petitioner had a well-founded fear of persecu-

tion on account of his pro-democracy political activities in the United States). However, unlike the petitioner in *Kyaw Zwar Tun*, Chen has raised his political opinion-based claim in an untimely motion to reopen filed years after he was issued a final order of removal. Thus, he was required to comply with the time limitations on motions to reopen.

the BIA's denial of Chen's motion was not an abuse of discretion. *See Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).